# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE ALBERTO CAMPOS RODRIGUEZ,

*Petitioner*,

vs.

DWAYNE DEAL, *et al.*,

*Respondents*.

No. 3:14-cv-00431-RCJ-VPC

ORDER

This habeas action brought by a Nevada state inmate comes before the Court for initial review of the papers presented.

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the action by either paying the filing fee or submitting a properly-completed pauper application with all required attachments.

Second, petitioner did not use the required petition form. Under LSR 3-1 of the local rules, petitioner must file a habeas petition on the Court's required § 2254 petition form. Petitioner instead used a § 2241 petition form. While petitioner is challenging a prison classification decision, the determination of whether a petitioner must proceed under 28 U.S.C. § 2254 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See, e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction. He therefore must proceed under § 2254, and he accordingly must use the Court's required § 2254 form as required by LSR 3-1.

Due to these multiple defects, the Court will dismiss this improperly-commenced action without prejudice. The dismissal of this action without prejudice will not necessarily result, in and of itself, in the one-year federal limitation period expiring or materially impact other issues in timely-filed new action. Petitioner is challenging a July 23, 2014, administrative prison classification decision. He asserts that he has not pursued state judicial review. Substantial time therefore remains in the federal limitation period at this juncture, and litigation of the issue of lack of exhaustion will not be materially impacted by a dismissal of the present action without prejudice.[1]

IT THEREFORE IS ORDERED that this improperly-commenced action is DISMISSED without prejudice.

IT FURTHER IS ORDERED that any pending motions herein are DENIED as moot.

IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. For the reasons discussed herein, jurists of reason would not find the district court's dismissal of this improperly commenced action without prejudice to be debatable or incorrect. As discussed herein, no adverse limitation consequences or other substantial procedural prejudice will result from the dismissal.

---

[1] Petitioner maintains that he "could not filed [sic] a petition for writ of habeas corpus in any court, state or federal because the law library did not had [sic] the form." #1-1, at 3. Petitioner obviously has not been prevented from filing a habeas petition in federal court, and he asserts that he used the § 2241 form to file in this Court. It is extremely doubtful that the law library is not providing habeas or other forms in a manner that bars petitioner's access to "any court, state or federal." Petitioner perhaps may be making requests that are too specific ("a habeas form for challenging a classification decision") or he simply is not being clear in what he is seeking. In all events, the dismissal of this action without prejudice will not materially impact adjudication of an exhaustion issue in a later action. Petitioner requests that the Court "remit" the action to the "lower courts." The state courts are not lower courts to a federal district court, and the Court does not remand federal habeas actions to the state courts. Any state court proceedings pursued by petitioner would have to be filed in state court by petitioner himself.

Nothing herein constitutes a definitive finding by the Court with regard to the specific calculation of the federal limitation period. Petitioner at all times remains responsible for calculating the running of the limitation period and timely presenting properly exhausted claims. Moreover, nothing in this order directs or extends permission for petitioner to file any particular proceeding in either state or federal court. The Court simply is dismissing an improperly commenced federal action without prejudice.

Nothing herein suggests that petitioner presents potentially viable claims that are cognizable in a habeas action.

1  The Clerk of Court shall SEND petitioner two copies each of a § 2254 habeas petition
2  form and a pauper application form, along with one copy each of the instructions for the forms
3  and of the papers presented in this action.
4  The Clerk shall enter final judgment accordingly, dismissing this action without
5  prejudice.
6  DATED: September 9, 2014.

_____
ROBERT C. JONES
United States District Judge